IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CATHARINE M. PIERCE,

        Plaintiff,

v.

UNNAMED DEFENDANT,

        Defendant.

1:13-cv-1542-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield, III's Final Report and Recommendation [2] ("R&R") recommending that this action be dismissed.

**I.  BACKGROUND**

On May 3, 2013, Plaintiff Catharine M. Pierce ("Plaintiff"), a detainee in the Transylvania County Detention Center in Brevard, North Carolina proceeding *pro se*, filed a complaint alleging prisoner civil rights abuses. (R&R at 1). On May 13, 2013, Magistrate Judge Scofield issued his R&R recommending dismissal without prejudice due to improper venue. (Id.). The Magistrate Judge noted in his R&R

that Plaintiff did not identify any basis for venue in this court[1], did not identify any specific defendants, and had not paid the necessary filing fees or submitted an application to proceed *in forma pauperis*.  (Id.).  The R&R, mailed to Plaintiff's address of record, was returned as undeliverable.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

---

[1] Transylvania County is located in the Western District of North Carolina.  28 U.S.C. § 113(c).

B.  Analysis

The Magistrate Judge found that venue in this district is improper and that the action should be dismissed without prejudice. The Court also finds that venue is not proper here.[2] Venue is not proper because the complaint does not show that any defendant resides, or is subject to personal jurisdiction, in this district or that any events giving rise to Plaintiff's claims occurred in this district. See 28 U.S.C. § 1391(b) (authorizing venue in districts where any defendant resides or where a substantial part of the events giving rise to the claim occurred). Under 28 U.S.C. § 1406(a), when a case is in the improper venue , the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds that dismissal is appropriate.[3]

---

[2] Because the Plaintiff may never have received the R&R, the Court conducts a *de novo* review. Several district courts have found that failure to provide the Court with accurate contact information constitutes a waiver of Plaintiff's opportunity to object to an R&R, thus requiring only a plain error review. See, e.g. Bratton v. United States, No. 1:08-CR-125-2, 2011 WL 4004984, at *1 (N.D. Ga. Sept. 6, 2011). The Court notes that under either standard, the result here is the same.

[3] The Court further notes that Plaintiff's failure to provide the Court with accurate contact information has delayed and adversely affected the management of this case, because these proceedings cannot continue without some means of communicating with Plaintiff. See L.R. 41.2(C), N.D. Ga (authorizing dismissal when for a *pro se* party to "keep the clerk's office informed of any change in

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield, III's Final Report and Recommendation [2] is **ADOPTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 6th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

address . . . ."). For this additional reason, the Court finds that this case should be dismissed.